IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLIE JEAN JOHNSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1714-P |
| | ) | |
| KROGER COMPANY #540, et al., | ) | |
| Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* employment discrimination action under Title VII.

Parties: Plaintiff resides in Dallas, Texas. Defendants are Kroger Company #540, Kroger General Store Manager Mike Bleu, UFCW Local Union 1000, and UFCW Executive Assistant Billy Brown. The court has not issued process in this case pending preliminary screening.

Findings and Conclusions: The court previously permitted Plaintiff to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. The complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff has been granted IFP status. That section provides in relevant parts a follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss the case at any time* if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B) (emphasis added).[1]

The second amended complaint, filed on January 8, 2009, adds three new defendants, Store Manager Bleu, the Local Union, and Executive Assistant Brown. The Fifth Circuit has long recognized that only "employers," not individuals acting in their individual capacity who do not otherwise meet the definition of "employers," can be liable under Title VII. *See Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). Nor can Plaintiff sue her Local Union or the executive assistant in this Title VII action.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against Mike Bleu, the UFCW, and Billy Brown be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i), that process be ISSUED on Plaintiff's Title VII claims against Defendant Kroger Company, and that it be SERVED by the U.S. Marshal Service on Kroger Company, c/o Martha Freitas, Asst. Human Resources Director, 19245 David Memorial Drive, Shenandoah, Texas 77385.[2]

---

[1] Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (complaints in actions *not* pursued *in forma pauperis* are *not* subject to "screening" under § 1915(e)(2)).

[2] Plaintiff's amended complaint does not name the Kroger Company's agent for service of process. However, Ms. Freitas was sent a copy of the EEOC's right to sue letter, dated July 31, 2008, as the company's representative.

The Clerk will mail a copy of this recommendation to Plaintiff.

Signed this 13th day of January, 2009.

                                               /s/ Wm. F. Sanderson, Jr.
                                               WM. F. SANDERSON, JR.
                                               UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.